The practice of submitting photostatic copies of exhibits unaccompanied by printed copies thereof is condemned and a repetition of the offense will lead to the rejection of the record.

The judgment should be reversed and new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; LEHMAN, J., not sitting.

Judgments reversed, etc.

---

In the Matter of the Application of ANTHONY SIRACUSA, Appellant, v. 421–425 WEST 54TH STREET CORPORATION, Respondent.

*Arbitration — contract — application for compulsory arbitration under Uniform Building Contract properly denied.*

*Matter of Siracusa,* 206 App. Div. 756, affirmed.

(Argued January 7, 1924; decided February 19, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1923, which unanimously affirmed an order of Special Term denying an application for an order directing arbitration pursuant to the provisions of section 12 of the Uniform Building Contract which reads as follows: " Section 12. In case the owner and contractor fail to agree in relation to matters of payment, allowance or loss referred to in sections 3 or 8 of this contract, or should either of them dissent from the decision of the architect referred to in section 7 of this contract, which dissent shall have been filed in writing with the architect within ten days of the announcement of such decision, then the matter shall be referred to a board of arbitration to consist of one person selected by the owner, and one person selected by the contractor, these two to select a third. The decision of any two of this board shall be final and binding on both parties hereto. Each party hereto shall pay one-half of the expense of such reference."

The following questions were certified:

" 1. If there is no dispute between the parties on matters of payment, allowance or loss provided for in sections 3, 7 and 8 of the contract, can arbitration be demanded under section 12 of the said contract?

" 2. Where a contractor defaulted in his contract and abandoned the work and thereupon the owner, in accordance with the provisions of section 5 of the contract, completed the work, can the contractor demand arbitration under section 12 of the contract?

" 3. Does section 3 of article 2 of the Arbitration Law require questions of default, breach of contract, payment and other issues raised by the petition and answering affidavits herein, to be summarily tried by the court or by a jury if demanded?

" 4. Does section 3 of article 2 of the Arbitration Law require all issues raised by the petition and answering affidavits to be summarily tried by the court or by a jury if demanded?

" 5. On the petition and answering affidavits herein, can the contractor demand arbitration under section 12 of the contract? "

*Aaron H. Marx* and *Walter E. Godfrey* for appellant.

*George K. Hunton* and *John W. A. Kelley* for respondent.

Order affirmed, with costs; questions certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

B. & B. TRUCKING, INC., Appellant, *v.* HOME FIRE AND MARINE INSURANCE COMPANY OF CALIFORNIA, Respondent.

*Pleading — insurance — action to recover on policy of automobile fire insurance — sufficiency of defense of cancellation.*

B. & B. *Trucking, Inc.,* v. *Home F. & M. Ins. Co.,* 207 App. Div. 846, affirmed.

(Argued January 7, 1924; decided February 19, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-