In the Matter of the Application of ALFRED H. NEWBURGER and Others, Copartners, Doing Business under the Firm Name and Style of NEWBURGER, HENDERSON & LOEB, Appellants, against MORRIS GOLD, Respondent, for an Order Requiring Arbitration, Pursuant to a Written Agreement under Section 3 of the Arbitration Law, and for a Stay of the Pending Action, under Section 5 of Said Law.

First Department, June 13, 1930.

*Osmond K. Fraenkel* of counsel [*Goldsmith, Jackson & Brock,* attorneys], for the appellants.

*Charles Gold* of counsel [*Weil & Gold,* attorneys], for the respondent.

O'MALLEY, J. The facts are sufficiently stated in the opinion of Mr. Justice McAvoy.

We are of the opinion that there are preliminary questions to be decided before arbitration may be compelled. The relation between the parties was fiduciary. The respondent Morris Gold,

also respondent here, alleges that when he discovered that the paper presented contained type too small for him to read and suggested that he would take it home for his son to read, he was assured by the petitioners' representative that it was merely an authorization to the petitioners to buy and sell stock and that " there was nothing else to it; " and that upon such assurance the respondent Gold signed. In these circumstances we think there is an issue as to the factum of the agreement to arbitrate. It would be for the jury to say whether or not in the circumstances the respondent Gold was not lulled into a false sense of security and had not been overreached by his fiduciary.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

FINCH and MARTIN, JJ., concur; DOWLING, P. J., and McAVOY, J., dissent.

McAVOY, J. (dissenting). This order denied petitioners' application requiring the submission to arbitration of a controversy between petitioners and respondent and directing the submission to a jury of four framed issues bearing on whether the parties entered into an arbitration agreement.

Appellants contend that no issue of fact is presented which requires a jury's finding.

The actual making of the contract was not in issue since respondent admits signing the paper, his son having examined the original to determine the genuineness of the signature. The most that is averred by respondent is that he was deceived in respect of the contents of the alleged statement, a description of which was given him by an agent of the petitioners. Respondent also alleges that the agreement is void because of the fact that the agent of the petitioners withheld information when describing the agreement and turning it over to the respondent for signature, and that such signature was procured because of the misrepresentation and nondisclosure of facts in the description thereof. He states that he was told that it was an authorization to buy and sell stocks, and that it merely provided for the employment of petitioners as his brokers.

An arbitration clause for the settlement of controversies arising out of such an employment would be a reasonable provision in such an agreement, and it was unnecessary, as matter of law, to disclose the nature of such a clause in the agreement when the respondent signed it.

" Ordinarily, the signer of a deed or other instrument, expressive of a jural act, is conclusively bound thereby. That his mind never

gave assent to the terms expressed is not material. (Wigmore on Evidence, § 2415.) If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him." (*Pimpinello* v. *Swift & Co.*, 253 N. Y. 162.)

We think that there was no issue of fact raised on the application for arbitration, and that the order should be reversed, with ten dollars costs and disbursements, and petitioners' motion to compel arbitration granted, on the ground that no sufficient issue has been raised concerning the making of the agreement; and a stay of proceedings should be granted in the action at law until the determination of the arbitration proceeding.

DOWLING, P. J., concurs.

Order affirmed, with ten dollars costs and disbursements.