In the Matter of MONTIFIORE G. KAHN, Appellant; NATIONAL CITY BANK OF NEW YORK, Respondent. (Appeals Nos. 1 and 2.)

Argued November 18, 1940; decided December 31, 1940.

*Samson Selig, Abraham J. Multer* and *William F. Roche* for appellant.

*Barney B. Fensterstock* and *Harry Zalkin* for respondent.

LEHMAN, Ch. J. In 1931 the National City Bank of New York agreed to settle thirty-three actions, which had been brought in the Supreme Court of the State of New York against the bank, to recover the value of rubles claimed to have been deposited in the bank's Petrograd branch or Moscow branch. The agreement is in the form of a letter, signed by the attorneys of the bank, addressed to the firm of attorneys who represented the plaintiffs in all those actions and approved in writing by the attorneys for the plaintiff. The bank agreed to pay nine cents for each ruble of the balance of such accounts on September 1, 1918, with interest at the rate of six per cent from September 1, 1918, but the " amount of rubles " in such balance was not fixed in the agreement. That balance, under the terms of the agreement, was " to be determined on the basis of the latest reliable evidence available, either to the bank or to the respective depositors, or to their legal representatives or next of kin, or assignees, or to attorneys for the plaintiff and defendant. In the event that the attorneys cannot agree the amount of such rubles, if any, shall be submitted to arbitration by the parties to Robert McC. Marsh, Esq., or, if he cannot act, to some arbitrator to be agreed upon by the attorneys, or, if they cannot agree, to be appointed by the President of the Association of the Bar of the City of New York." Included in the thirty-three actions intended to be settled by this agreement and enumerated therein were three actions brought by the appellant Montifiore G. Kahn.

The parties and their attorneys failed thereafter to agree upon the number of rubles in the appellant's account, and the parties then agreed that the arbitration should proceed before George W. Alger, Esq., in accordance with the provisions of the settlement agreement. Both parties are now represented by attorneys other than those who signed the agreement to settle the cases. The original controversy as to the amount of rubles in the appellant's account with the bank in Russia has become exacerbated by claims of the bank that the appellant is not furnishing in good faith, as required by

the settlement agreement, " the latest reliable evidence available " relating to the balance of the depositor's account, but that, on the contrary, he has made exaggerated claims which he has sought to support by wholly unreliable and untrustworthy evidence, and that in breach of the agreement the appellant has also failed to make frank disclosure to the respondent of all assignments made by the appellant of his bank deposits and has failed to furnish " records, books, documents, correspondence or other writings relating in any way to the balance of the depositor's account." Following disputes on these matters, the appellant moved at Special Term to compel the bank to proceed to arbitrate in accordance with the agreement of settlement.

The bank opposed the motion on the ground that the appellant had breached the terms and conditions of that agreement. It has not sought, on that ground, to rescind the settlement agreement. It urges only that, since the appellant is in default under the agreement, it is justified in refusing to carry out its own obligations under the agreement. The justice at Special Term granted the motion to compel arbitration. He did not decide whether there had been breach of the terms of the settlement agreement by the depositor, but stated, in his opinion, that if there has been any breach entitling the bank to rescind the settlement agreement, such breach might give rise to a cause of action for rescission of the contract but would not constitute a defense to the motion for arbitration.

Thereafter the bank moved at Special Term for a reargument of the motion to compel arbitration, and then, for the first time, urged that the bank could not be compelled to proceed with the arbitration because the instrument providing for such arbitration constitutes a submission to arbitration of an existing controversy, and was not acknowledged as required by section 1449 of the Civil Practice Act. The depositor urged that the settlement agreement was not a submission to arbitration of an existing controversy, but was a contract for the settlement by arbitration of controversies that might arise thereafter, and that the statute never required acknowledgment of such an agreement. The

depositor also pointed out that even if the court should construe the agreement as the submission of an existing controversy to arbitration, the statute requiring the acknowledgment of such an instrument had been amended in the interval between the date when the motion for arbitration was granted and the date when the motion for reargument of that motion was made, and that by such amendment acknowledgment of a submission to arbitration was no longer required. The justice at Special Term granted the motion for reargument and upon the reargument denied the motion to compel arbitration, stating in his opinion that " the court lacked jurisdiction to entertain the proceedings to compel arbitration because the agreement of December 30, 1931, was an agreement to submit an existing controversy to arbitration and was not acknowledged as required by law. This fact was not heretofore called to my attention." The Appellate Division affirmed without opinion the order denying arbitration.

Thereafter the depositor made a new motion to compel arbitration. That motion was granted by the court at Special Term. The statute *at that time* provided for the enforcement of a written submission to arbitration even though such submission was not acknowledged. Since the statute was a remedial statute, there can be no question that the court would have power to grant a motion made thereafter to compel arbitration under a submission which was not acknowledged, though, at the time the submission was signed, the statute required that such a submission should be acknowledged — at least unless there was a previous binding adjudication that the submission was not enforcible. (*Matter of Berkovitz* v. *Arbib & Houlberg, Inc.*, 230 N. Y. 261, 275.) Upon the appeal to the Appellate Division from the order granting the motion to compel arbitration under the unacknowledged agreement after a motion for similar relief had been denied, the bank urged that the court which denied the original motion had *jurisdiction to determine* the application, though under statute it had no *power* to grant it, and that, therefore, the order

denying the motion constituted a binding adjudication that the unacknowledged submission was not enforcible. The Appellate Division sustained that contention of the bank, and on that ground reversed the second order which granted the motion to compel arbitration even after a motion for that relief had been denied on the merits.

The depositor has appealed to this court, both from the order of the Appellate Division affirming the original order of Special Term denying the motion for arbitration, and the order of the Appellate Division reversing the subsequent order granting arbitration. If the original denial of the motion to compel arbitration was based on an error of law, this court may reverse that order and then it will be unnecessary for this court to consider whether, before reversal, the order constituted an adjudication that the depositor was not entitled to compel arbitration. The question whether the agreement of settlement was an agreement to arbitrate future controversies or a submission to arbitration of existing controversies is not free from doubt. We need not now pass upon that question, for in our opinion, even assuming that the provisions for arbitration, contained in the settlement agreement, constituted a submission to arbitration and were unenforcible under the statute at the time when the original application was made, yet at the time of the reargument and the denial of the motion to compel arbitration, the depositor was entitled to an order compelling arbitration in accordance with the statute so amended, and the court erred in denying the application for such an order.

Though the order granting the original motion to compel arbitration was, we assume, erroneous when made, if the bank had appealed from such order instead of moving for a reargument, an appellate court would have been bound to affirm the order of Special Term which, though erroneous when made, conformed to the statute for the purpose of giving effect to written instruments which were previously unenforcible. (*Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271; *Bradford* v. *County of Suffolk*, 283 N. Y. 503.)

The same reasons which lead to the conclusion that an appellate court passes upon a determination appealed from in accordance with the applicable law as it is at the time of the appeal, and not in accordance with the law as it was at the time of the original determination, dictate the conclusion that a court of first instance must, upon reargument of an earlier determination, apply the law as it is at the time of the reargument, and may not vacate its previous determination granting relief to which a suitor was not entitled where, before the reargument, the obstacle which originally barred the suitor's way is removed by retroactive statute. Certainly the court might properly have refused a reargument which the defeated party asked, only for the purpose of interposing the obstacle after it had been removed.

The only question which remains is whether the court before it may compel arbitration, must in this case pass upon an issue of whether the depositor has breached the agreement of settlement. None of the terms of the contract, which the bank claims have been violated, constitute conditions precedent to the arbitration. For the most part they concern matters which the parties agreed should be arbitrated. The court upon a motion to enforce provisions for arbitration has no jurisdiction to determine whether because of fraud or other dereliction on the part of one party to an agreement which contains a provision for arbitration, the other party is entitled to rescind the agreement. The court must pass upon the question whether the written contract providing for arbitration, or the submission to arbitration, was made and whether there was a failure to proceed with the *obligation to arbitrate*. (Civ. Prac. Act, § 1450; *Matter of Bullard* v. *Grace Co.*, 240 N. Y. 388; *Matter of Siracusa* v. *421–425 W. 54th St. Corp.*, 237 N. Y. 572.) If any other question exists in this case it must be determined in an action for rescission and not upon a motion to compel arbitration.

The order of the Appellate Division affirming the order denying appellant's motion to compel arbitration should be reversed, with costs in all courts, and motion granted, with ten dollars costs. The appeal from the order of the Appel-

late Division reversing the order thereafter made granting a motion to compel arbitration should be dismissed, without costs.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.