Dore, J.
Petitioner appeals from an order denying his motion for a stay of arbitration. The principal issue presented is whether petitioner has shown facts sufficient to require a preliminary trial by jury as to the factum of the agreement to arbitrate.
The record establishes that petitioner was a businessman of experience and competence trading, on a very large scale, in commodities on margin through respondents, his brokers. By July, 1946,. petitioner’s account and the account respondents say he guaranteed were committed on margin for the purchase of $2,000,000- of commodities including an aggregate total of 1.005.000 bushels of rye, oats and corn, 21,000 cases of eggs, 240.000 pounds of potatoes, etc. The brokers allege that when commodity .prices declined and petitioner failed to supply sufficient margin, -they liquidated the accounts on due notice and this resulted in a claimed debit balance due to the brokers of $46,092.25. After demand and refusal to pay, the brokers, in accordance with the terms of a written customers ’ agreement demanded arbitration before the American Arbitration Association: Petitioner then moved for the stay of arbitration.
The relevant statute (Civ. Prac. Act, § 1458, subd. 2) provides that the party opposing arbitration on a motion for a stay must “ set[s] forth evidentiary facts raising a substantial issue as to the making of the contract * * * Petitioner admits sign-
ing the written agreement, and he also admits that when he signed it he knew it was a contract' between him and respondents, his brokers, authorizing them to trade for him on margin. His claim now is that when he signed the contract he did not know it containéd an arbitration clause and would not have signed it if he had known that fact. To support this claim he swears in his moving affidavit that he does “ not clearly understand or speak the English language.” That allegation is completely destroyed as a substantial issue or- any issue whatever (1) by the numerous letters produced by respondents, concededly written by petitioner, most of them in his own handwriting, which show that he does read and understand English and writes it also; (2) by the fact, conceded by petitioner’s failure to *433 deny, that he refused to sign one of the three instruments making up the four-page document in question; (3) by the fact, also conceded (by failure to deny), that on two previous occasions when he signed signature cards he struck out provisions to which he did not wish to give his assent, and (4) by his signing a written guaranty of another containing an identical arbitration clause and petitioner makes no claim of ignorance as to the guaranty.
These and numerous other detailed evidentiary facts were adduced by respondents through affiants having knowledge in a large number of affidavits supported by documentary evidence unquestioned in this record. Neither the facts nor the documents adduced were thereafter denied or explained in any replying affidavit offered by petitioner himself. Instead the only reply is a purely argumentative affidavit by petitioner’s attorney who has no personal knowledge of the factum of the agreement and whose only excuse for not submitting an affidavit by petitioner is a general and conclusory claim of ill health, absence from the city and the advice of a physician without indicating the nature of the ill health or submitting a physician’s affidavit or even a certificate, o.r any facts showing that petitioner’s affidavit could not have been procured and submitted.
On the evidentiary facts adduced by respondents and not denied by any replying affidavit of petitioner, this record does not raise any “ substantial issue ” as to the making of the agreement so as to avoid its effect. The cases cited by petitioner (Matter of Newburger v. Gold, 229 App. Div. 572, affd. 255 N. Y. 532; Finsilver, Still & Moss v. Goldberg, M. & Co., 253 N. Y. 382) are not here controlling. This petitioner does not deny, that he signed and made a contract and he is in. effect asking for a trial to reform the contract he concededly signed and made by taking out of it only the arbitration clause. As he demonstrably could read and write English and on the whole record fails to adduce evidentiary facts of his claims, he is. conclusively presumed to know its contents and to assent to them. (Amend v. Hurley, 293 N. Y. 587, 595; Metzger v. Aetna Ins. Co., 227 N. Y. 411, 416; Pimpinello v. Swift & Co., 253 N. Y. 159, 162-163; Matter of Stone, 272 N. Y. 121, 124; Knight v. Kitchin, 237 App. Div. 506, 511.)
We think Special Term properly held that petitioner has not raised any substantial issue as to the making of the contract, that the question as to whether defendants breached the agreement is for the arbitrators, and that the arbitration clause covers the matters in controversy. .
*434 The motion for a stay of arbitration was properly denied and the order of Special Term should be affirmed, with $20 costs and disbursements to respondents.