In the Matter of the Arbitration between LEO K. STUPELL, Petitioner, and RALPH LAUER et al., Respondents.

Supreme Court, Special Term, Bronx County, April 21, 1949.

*J. B. Franklin* for petitioner.

*M. S. Fisher* for respondents.

EDER, J. Motion for stay is denied. The parties on November 1, 1948, entered into an agreement with respect to the matters therein referred to. This agreement contains an arbitration clause, which, so far as here pertinent, provides: " That in the event that disputes arise between the parties hereto with respect to the terms of this agreement or the rights of the parties against

each other and/or the corporation such disputes on the demand of either party on giving of 10 days written notice by registered mail to the other shall be submitted to arbitration ''.

Respondents gave notice to petitioner of an intention to conduct an arbitration and petitioner now seeks, by this motion to stay the arbitration proceedings; he alleges that the contract of November 1, 1948, was entered into as a result of false and fraudulent representations made by respondents prior to the making of the contract and subsequent to the 12th day of October, 1948. He also alleges he would not have entered into the contract of November 1, 1948, if the representation had not been made or if he had known of its falsity.

The representation is alleged to have been made concerning a mortgage commitment of $225,000 by the Connecticut Mutual Life Insurance Company and that this was false in that no mortgage commitment had been made by said concern or by any lending institution.

Petitioner alleges he first became aware of that fact on or about November 20, 1948, and thereupon advised respondents that he was ready to perform the terms of the contract on his part to be performed, upon the production by the respondents of a commitment by a lending institution, particularly said named concern, of $225,000, in accordance with the representations of the respondents.

The petitioner concedes the making of the contract of November 1, 1948. It alleges there were false and fraudulent representations in the inducement of the contract, yet, with knowledge thereof petitioner did not rescind or cancel the contract or void it in any way, but on the contrary notified the respondents that he was ready to perform the contract upon the production by the respondents of the mortgage commitment. Petitioner thus elected to confirm, adopt and proceed to fulfillment of the contract, except that he requested, in addition, that respondents perform the condition of obtaining the particular mortgage commitment.

In the absence of prior rescission petitioner cannot avoid arbitration; to avoid arbitration he must have avoided and rescinded the contract containing the arbitration clause (*Matter of Kahn* [*National City Bank*], 284 N. Y. 515).

There being a valid contract for arbitration, there is no basis for a stay or any preliminary issue to determine.

Whatever defenses the petitioner may have against the claim of the respondents are to be presented to and passed upon by the arbitrator.

Motion is denied, in all respects. Settle order.