In the Matter of the Arbitration between PRINCETON RAYON CORP., Appellant, and GAYLEY MILL CORPORATION, Respondent.

Argued April 20, 1955; decided June 10, 1955.

*Martin N. Whyman, Frederick E. M. Ballon* and *Henry Winestine* for appellant. I. The court below erred in that it misconceived the scope of the authority vested in it by section 1450 of the Civil Practice Act. II. The agreement to arbitrate controversies, rather than to submit them to the courts for determination, should not be lightly construed. (*Blossom* v. *Dodd,* 43 N. Y. 264; *Klar* v. *H. & M. Parcel Room,* 270 App. Div. 538, 296 N. Y. 1044; *Dery* v. *Blate,* 209 App. Div. 467, 239 N. Y. 203; *Matter of Lehman* v. *Ostrovsky,* 264 N. Y. 130; *Matter of Eagar Constr. Corp.* v. *Ward Foundation Corp.,* 255 App. Div. 291; *Matter of Tanenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400; *Matter of Albrecht Chem. Co.* [*Anderson Trading Corp.*], 298 N. Y. 437; *Matter of Arthur Philip Export Corp.* v. *Leathertone, Inc.,* 275 App. Div. 102; *Matter of Pavia & Co.* [*Fulton Co. Silk Mills*], 284 App. Div. 391.)

*Melvin Liebowitz, Aaron Rosen* and *Harold V. Kennedy* for respondent. I. A contract to arbitrate may be accepted in any way provided by the parties. (*Matter of Helen Whiting, Inc.* [*Trojan Textile Corp.*], 307 N. Y. 360.) II. Princeton has not set forth evidentiary facts to raise a substantial issue as to the making of the contract. (*Matter of Levy* [*Hirsch*], 271 App. Div. 431, 296 N. Y. 837; *Matter of Finsilver, Still & Moss* v. *Goldberg, Maas & Co.,* 253 N. Y. 382; *Matter of Kramer & Uchitelle* [*Eddington Fabrics Corp.*], 288 N. Y. 467; *Matter of Local 853, Retail Furniture & Floor Covering Employees Union, R. W. D. S. U., C. I. O.* [*Zimmerman*], 281 App. Div. 681; *Matter of Level Export Corp.* [*Wolz, Aiken & Co.*], 305 N. Y. 82.)

DYE, J. In this proceeding to stay arbitration, a substantial issue of fact is presented as to the making of an agreement to arbitrate, which should not be determined on affidavits but after a trial in the usual manner (Civ. Prac. Act, § 1450; *Matter of Siracusa* v. *421–425 W. 54th St. Corp.,* 237 N. Y. 572). The inten-

tion to arbitrate must be clearly expressed (*Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.]*, 306 N. Y. 288).

The order of the Appellate Division and that of Special Term should be reversed, with costs in this court and in the Appellate Division, and motion to stay arbitration granted, without prejudice to an appropriate trial of the issue of the making of an agreement to arbitrate pursuant to section 1450 of the Civil Practice Act.

The order of the Appellate Division and that of Special Term should be reversed, with costs in this court and in the Appellate Division, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.

CONWAY, Ch. J., FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur with DYE, J.; DESMOND, J., dissents and votes to affirm.

Orders reversed, etc.