Harold Tessler, J.
Mike’s Merry G o Bound Best, Inc. (herein called Mike’s) entered into an agreement on February 10, 1959, with Lincoln Service, Inc. (herein called Lincoln) concerning the installation on Mike’s premises of an electric automatic coin-operated phonograph. This agreement included a clause for arbitration of disputes arising thereunder.
Sometime after February 10, 1960, a dispute arose between the parties as to a loan of money. Mike’s requested that Lincoln remove the machine from its premises. Lincoln informed Mike’s that a four-year contract was in effect between the parties, therefore giving Lincoln a contractual right to maintain the machine on Mike’s premises. Mike’s, however, disengaged from the electrical power the machine that had been installed. Lincoln thereupon, via writing dated November 21, 1960, demanded arbitration under the agreement.
Shortly thereafter Mike’s commenced an action for a declaratory judgment contending that the agreement was null and void for any period beyond the year ending February 10, 1960, due to Lincoln’s willful and malicious alteration of the agreement, i.e., changing the duration thereof from one to four years. Lincoln interposed a notice of appearance in the action.
On December 15, 1960, Mike’s made a motion in the action for a declaratory judgment for a stay of the arbitration proceedings brought by Lincoln as aforesaid on the ground that the agreement was null and void for any period beyond February 10, 1960. Thereupon Lincoln cross-moved to dismiss the motion and to dismiss the complaint in the declaratory judgment action as premature and insufficient in law.
When a stay of arbitration is sought the existence of a valid agreement containing an arbitration clause is a matter for the court to decide and not the arbitrator. (Matter of Newburger v. Gold, 229 App. Div. 572, affd. 255 N. Y. 532.)
There is no doubt that in this case the dispute sought to be arbitrated is referable to arbitration. Presented, however, is a serious question as to the validity of the agreement containing the arbitration clause. The problem is twofold; (1) whether the agreement was altered as claimed by Mike’s and (2) if altered, what is the legal effect thereof.
Lincoln urges that even if the agreement had been altered, as claimed and, therefore, its term was for only one year, the renewal clause extended the agreement for an additional year commencing February 10, 1960, since neither side gave the required notice for termination. In support of this contention Lincoln cites Feder v. Caliguira (8 N Y 2d 400, affg. 9 A D 2d 945).
*178 That case, however, is inapposite. The question there presented was whether the “ lessor ” of an automatic phonograph was required by law to call the “lessee’s” attention to the existence of the renewal provision in their agreement. The court held that there was no such requirement, since the agreement between the parties was not a “ lease ” within the ordinary or usual sense of that term. That question is not presented in the case at bar where we are dealing with a claim that the agreement containing the renewal clause was willfully and maliciously altered by one of the parties without the consent or authority of the other.
If so material a provision of the agreement as its duration was altered willfully and maliciously, as claimed by Mike’s, then it would seem that the entire agreement has been vitiated. As was noted in Meyer v. Euneke (55 N. Y. 412, 420): “ In the case of fraudulently altered instruments there is no question of statutory law, but it devolves upon the courts to declare what shall be the consequences of a fraud, deliberately and intentionally committed by one party to a contract upon the other, and of a description which affects the sanctity of written instruments, upon which the courts are accustomed to rely for the purpose of administering justice.” (See, also, Burns v. Crowley, 236 App. Div. 66, affd. 261 N. Y. 610.)
Accordingly, the only substantial issue of fact presented here is whether the agreement was altered, as claimed by Mike’s. That issue cannot be determined on affidavits but after a plenary hearing. The motion for a stay of arbitration is, accordingly, granted until that issue has been determined in accordance with subdivision 2 of section 1458 of the Civil Practice Act. (See, also, Matter of Princeton Rayon Corp. [Gayley Mill Corp.], 309 N. Y. 13; Matter of Hesslein & Co. v. Greenfield, 281 N. Y. 26.)
Inasmuch as the complaint in Mike’s action for a declaratory judgment presents the very same issue which is presented in the application to stay arbitration, the motion to dismiss that complaint is granted. (Bules Civ. Prac., rule 212.) The court will hold in abeyance its final decision on the application to stay arbitration until the issue hereinbefore referred to has been determined.