Irving H. Saypol, J.
Once again, a recurrent sore on the municipal escutcheon, in the past resisted by government, although with equivocal, sometimes reluctant opposition, but now twisted finally to official yielding and submission. The theme is abandonment of the rule of law for submission to expediency — which no court can condone, let alone accept.
The petitioner Di Maggio sues for an order (CPLR art. 78, §§ 7801, 7803, subd. 2) against the City of New York: “ restrain *210 ing, prohibiting and enjoining the respondents John V. Lindsay, Mayor * * *, Mario Procaccino, Comptroller * * *, Mitchell Ginsberg, Commissioner of the Department of Welfare * * * and Walter E. Washington, Chairman of the Housing Authority * * * from proceeding in excess of their jurisdiction and contrary to law by offering and/or paying to the employees of the Department of Welfare, members of the Social Service Employees Union, who went on strike on the 16th day of January, 1967, and the employees of the New York City Housing Authority, members of Local #237 Teamsters, who went on strike on the 26th day of January 1967, for a period of three years from the time said employees are appointed, reappointed, or employed, or re-employed by the Department of Welfare and the New York City Housing Authority any amount in excess of their compensation prior to their going on strike on January 16, 1967 and January 26,1967, respectively ”.
The participants are mostly the same. Some reverse their former roles. Heretofore government, in the main, has invoked the enforcement by the court against striking public employees. Here government is on the other side, in alliance in defense of illegality with those who have violated.
The thing is serious. It warrants repetition: ‘ ‘ A government is bound at all costs to enforce its commands if it hopes to preserve public order. If the community gives notice by neglect and long inaction that it will make no effort to enforce the law * * * it invites both violations and a general refusal to * * * [obey the law] * # * the failure to enforce * * * is a concern and responsibility of this court.” (Bergan, J., People v. Letterio, 16 N Y 2d 307, 314, concurring opn.; Matter of Weinstein, infra, p. 175.)
Di Maggio, the petitioner, is one against whom the full measure of this law’s sanctions has been laid. He is a dismissed employee, for striking. To the list of respondents, on consent at the argument, the Municipal Civil Service Commission of the City of New York has been added. Motions for intervention in behalf of Social Service Employees Union and Local No. 237, International Brotherhood of Teamsters for the employees of the Housing Authority of the City of New York, were denied, but their briefs together with that in behalf of Uniformed Sanitationmen’s Association were received amici curiae and they were heard in argument in support of the respondents.
Section 108 of the Civil Service Law now reads as follows:
“ § 108. Strikes by public employees prohibited • penalties.
*211 “ 1. ‘ Strike ’ defined. As used in this section the word ‘ strike ’ shall mean the failure to report for duty, the wilful absence from one’s position, the stoppage of work, or the abstinence in whole or in part from the full, faithful and proper performance of the duties of employment, for the purpose of inducing, influencing or coercing a change in the conditions or compensation, or the rights, privileges or obligations of employment; provided, however, that nothing contained in this section shall be construed to limit, impair or affect the right of any public employee to the expression or communication of a view, grievance, complaint or opinion on any matter related to the conditions or compensation of public employment or their betterment, so long as the same is not designed to and does not interfere with the full, faithful and proper performance of the duties of employment.
“ 2. Prohibition against strikes. No person holding a position by appointment or employment in the government or the state of New York, or in the government of the several cities, counties, towns or villages thereof, or any other political or civil division of the state, or of a municipality, or in the public school service, or in any public or special district, or in the service of any authority, commission, or board, or in any other branch of the public service, hereinafter called ‘ public employee ’, shall strike.
“ 3. Prohibition against consent to strike. No person exercising any authority, supervision or direction over any public employee shall have the power to authorize, approve or consent to a strike by one or more public employees, and such person shall not authorize, approve or consent to such strike.
“ 4. Termination of employment.. Notwithstanding any other provision of law, any public employee who violates the provisions of this section shall thereby abandon and terminate his appointment or employment and shall no longer hold such position, or be entitled to any of the rights or emoluments thereof, except if appointed or reappointed as hereinafter provided.
“ 5. Re-employment; conditions. Notwithstanding any other provision of law, a person violating the provisions of this section may subsequent to such violation be appointed or reappointed, employed or re-employed as a public employee, but only upon the following conditions:
“ (a) his compensation shall in no event exceed that received by bim immediately prior to the time of such violation;
“ (b) the compensation of such person shall not be increased until after the expiration of six months from such appointment or reappointment, employment or re-employment; and
*212 “ (c) such person shall be on probation for a period of one year following such appointment or reappointment, employment or re-employment, during which period he shall serve without tenure and at the pleasure of the appointing officer of the body.
“ 6. Determination of violation. Notwithstanding the provisions of any other law, any person holding such a. position who, without the lawful approval of his superior, fails to report for duty or otherwise absents himself from Ms position, or abstains in whole or in part from the full, faithful and proper performance of his position shall be deemed on strike; provided, however, that such person, upon request, shall be entitled, as hereinafter provided, to establish that he did not violate the provisions of this section. Such request must be filed in writing with the officer or body having power to remove such employee, within ten days after regular compensation of such employee has ceased. In the event of such request, such officer or body shall within ten days commence a proceeding for the determination of whether the provisions of this section have been violated by such public employee, in accordance with the law and regulations appropriate to a proceeding to remove such public employee. Such proceeding shall be undertaken without unnecessary delay.” (L. 1958, ch. 790, eff. April 1, 1959, as amd. by L. 1963, ch. 702, §§ 1, 2, eff. April 23, 1963.)
The command of clear public policy against the misconduct is grounded in common law, statute and uniform judicial precedent (City of New York v. Social Serv. Employees Union, 48 Misc 2d 820, affd. without opn. 25 A D 2d 953, defendants’ appeal, 18 N Y 2d 675, withdrawn on the enactment of the exculpatory chapter 808 of the Laws of 1966, as was stated on the argument of this motion, February 27, 1967; New York City Tr. Auth. v. Loos, 2 Misc 2d 733, affd. without opn. 3 A D 2d 740; Pruzan v. Board of Educ. of City of N. Y., 25 Misc 2d 945, affd. without opn. 12 A D 2d 923, affd. without opn. 9 N Y 2d 911; Board of Educ. of City of N.Y. v. United Federation of Teachers, N.Y.L.J., April 12, 1962, p. 14, col. 3 [Sup. Ct, N. Y. County, Spec. Term, Part I]; Matter of Weinstein v. New York City Tr. Auth., 49 Misc 2d 170).
The denials on information and belief together with admissions in the city’s answer are no defense; of the affirmative defenses, that putting in issue the petitioner’s standing to maintain the suit is without merit.
The petitioner as a citizen and taxpayer has standing and is capable of presenting this matter to the court by his petition for enforcement by officials of their mandatory duties (Matter of Weinstein, supra, pp. 181, 182 and citations, particularly Chief *213 Judge Crane’s in Matter of Andresen v. Rice, 277 N. Y. 271, 281 and Judge Rosenman’s holding in Matter of Welling v. Fullen, 164 Misc. 456, affd. without opn. 252 App. Div. 856). It is better summarily to enforce the law prospectively and prevent waste rather than to seek enforcement by the taxpayer’s remedy against the individual city officers in thousands of lawsuits directed against actual, specific violations (Civil Service Law, § 102, Matter of Weinstein, supra, p. 178). The point made by counsel for the Housing Employees’ Union that the city has no control over their compensation is overruled by the express provisions of subdivision 1 of section 32 and section 33 of the Public Housing Law, authorizing such employment, but subject to the Civil Service Law applicable to the municipality.
The city’s position with regard to the more specific criticism made by the petitioner is that the unnamed public employees who acted in violation of the Condon-Wadlin Act were not automatically discharged from their employment and, therefore, could not be deemed to have been reemployed or reappointed, which is a condition precedent to the application of the provisions of subdivision 5 of section 108. In other words, the sanctions referred to by the petitioner are compulsorily imp os able under subdivision 5 after a public employee’s employment has been terminated and only after he has been reappointed or reemployed.
Under the existing provisions, therefore, a public employee violating section 108 of the Civil Service Law is not automatically discharged but is deemed to be continuously employed unless, in accordance with subdivision 6, the city affirmatively renders a determination that the specific striking employee violated the provisions of section 108 by absenting himself from his duties at a certain time and under certain conditions. Arid only after such determination, followed by the employment or reemployment of the employee, may the city invoke the penalties prescribed by subdivision 5. Such determination, however, is within the exclusive discretion of the respondents, and nothing in the record denotes that the city made such a prior determination.
This argument is conjured up by grasping language from the opinion in Pruzan (25 Misc 2d 945, 951), an action for declaratory judgment by teachers who attacked the constitutionality of the law against striking public employees, for lack of due process.
Reading the law in all its parts, together, the court there said that the prescribed subdivision 4, automatic termination of employment for the offender, was only theoretical, that read in *214 conjunction with subdivision 6, which affords a hearing and reinstatement with past due compensation retroactively if found not guilty, the termination amounted to no more than a suspension pending hearing and determination.
But that is a far cry from what the city pictures. To support that argument at once requires encapsulation and isolation of subdivision 4. Carrying the discussion from there presents such a situation that no violator really is a violator except upon self-indictment, by demanding the hearing in subdivision 6, bearing in mind that up to that point his superiors had ignored any violation. But that argument ignores the conjoined reading of subdivision 5 which in clear words prescribes conditions for reinstatement. The likelihood of such self-anathametization after official inaction overlooking striking is nonexistent. The effect, a construction which leaves the statute sterile and lacking viability, such a distortion of plain legislative draughtsmanship even beyond strained or tortured comprehension. Such was not the respondents’ view of the statute, in fact directly opposite, when bearing down on the one or the few violators. The experience of the petitioner as a striker proves that.
The final note stems from the respondents’ added argument on the hearing of the motion presenting the accepted principle that requires no citation, that mandamus is discretionary, with the court, that even in cases in which a clear legal right is shown, the court must decide whether, in the exercise of sound discretion it will grant or withhold relief, particularly where granting of relief will cause disorder and confusion in public affairs. That last phrase brings back the memories of the transit strike maelstrom. The spawn of teachers’ strikes, social workers’ strikes, transit employees’ strikes now, we hear, has its progeny in violent physical attacks by students against teachers in this City’s public schools. They are terrorized to the point of threatened mass resignations. All this misconduct has been called civil delinquency (FBI Law Enforcement Bulletin, vol. 36, No. 2, Feb., 1967, p. 14, Liebman). It is said that freedoms and rights, debate and discussion, in the past, meant stability, reason and responsibility. Now, on both sides, in the yielding to expediency, there is a demonstration of lack of discipline. Discipline, it has been said, includes an honesty of principle and purpose which recognizes the accepted standards which control reasonable regulation of differences and disputes. And, so, that abdication of official responsibility produces the accomplishment of purpose by shrieking crowds and physical threats. The basic concepts are debased and supplanted by coercion, provocation, incitement, violence and destruction. The lone striker, the single *215 malefactor, gets Ms due. The aggressive mob pushes all others around and has its way which no discretion will approve or condone by closing or winking the judicial eye.
The defenses are dismissed and the petitioner may have judgment, as prayed.