Irviug H. Saypol, J.
Motion by the respondents for an order granting reargument and thereupon vacating the prior judgment entered the 27th of March 1967, is granted. The decision of March 13, 1967 (53 Misc 2d 209) is amended to reflect the subsequent enactment on April 21, 1967 of chapters 394 (New York City — Department of Welfare) and 395 (New York City — Housing Authority) of the Laws of 1967. The effect of the new legislation is to masculate in application here the mandatory operation of the enforcement provisions of the Condon-Wadlin Law (Civil Service Law, § 108) and permit an exculpatory course, permissive to the public officials, as to the striking employees of the New York City Housing Authority and the Department of Welfare. Thereupon, the judgment is recalled and vacated and the petition is dismissed. Although the application is by the Corporation Counsel for the respondents — other than the New York City Housing Authority — and notice was not given to the Housing Authority, on appearance at the argument in open court by its counsel Harry Levy, the latter submitted to the jurisdiction and joined in the application.
Di Maggio makes these points in opposition. First, the Housing Authority law is applicable to violations by its employees on January 27, and 28, 1967, although their initial violations started on January 26, which accordingly remains mandatorily proscribed by the judgment. In that he is right, but on balance, recognizing the over-all legislative policy, it becomes a matter of discretion and in all the circumstances the court will decline its continuing directive, to avoid confusion and disruption. As a political question, the ultimate remedy, particularly in the light of the respondent’s equivocal and unequal practice in the enforcement of Condon-Wadlin, is a matter for the electorate (Matter of Knight [Gerosa], 4 A D 2d 176, 177). Di Maggio’s next point has to do with unequal enforcement, a constitutional matter. Similar excul *1038 patory legislation has been upheld in the ease of striking Transit employees (see Blaikie v. Lindsay, 49 Misc 2d 612, as applied to the employees involved in Matter of Weinstein v. New York City Tr. Auth., 49 Misc 2d 170). Di Maggio who was dismissed as a ferry worker under C ondon-Wadlin and afforded no exculpation despite chapter 807 of the Laws of 1966, on appeal, has been afforded a trial of the constitutional issue (19 N Y 2d 283) by a jury (Korn, J., N. Y. L. J., May 22, 1967, p. 19, col. 4). If successful there, nevertheless, it is inapparent how a holding of unconstitutionality of Condon-Wadlin, as applied to Di Maggio, would affect the result here. In short, what the respondents tried to establish, without success, on the original consideration, viz., discretionary enforcement, they now have by legislation which would have affected the original result. Decision is controlled here by Matter of Kahn (Nat. City Bank) (284 N. Y. 515, 523). Finally, the appeal taken by the respondents from the affected judgment does not bar relief here.