In the Matter of the Arbitration between ALBERT S. FRANKLE, Doing Business under the Name of ANGLO-AMERICAN HIDES COMPANY, Petitioner, and PETZOLD, LTD. FUR DYEING CORPORATION, Respondent.

Supreme Court, Special Term, New York County, March 2, 1943.

*Gresser & Walker* for petitioner.

*Stephen Brooks-Rosenthal* for respondent.

SCHMUCK, J. Three contracts were entered into by the principals herein and each had the identical arbitration clause. Disputes having arisen, petitioner invokes the benefit of the clause adverted to and demands a direction that respondent proceed to arbitrate the controversy. Respondent resists the application on various grounds as to each of the contracts, particularly asserting that as regards the contracts of October 21 and 26, 1942, no arbitration can be had because no contracts exist between the parties by reason of impossibility of performance occasioned by a regulation promulgated by the Office of Price Administration. It alludes to *Matter of Kramer & Uchitelle, Inc.* (288 N. Y. 467) as supporting its contention that the regulation of November 24, 1942, put an end to all the contracts before the court.

Respondent maintains that since the " raw shearlings " had not been " received for import " before November 25, 1942, the price regulation promulgated the previous day, necessary and unobjectionable as it must be admitted to be, was such an interference with and overriding of the terms of the contracts as to extinguish them by operation of law.

This the petitioner rebuts particularly as regards the earliest of the three contracts and fortifies his position with an interpretation of the regulation by an opinion obtained from the Chief Price Attorney, wherein it is declared that this contract for " raw shearlings for import " as defined in section 1314.109 of Maximum Price Regulation No. 141, issued November 24, 1942 (7 Federal Register 9812), the importation of which was obtained under General Import Order M-63 issued by the War Production Board before the maximum price regulation went into effect on November 25, 1942, was not affected thereby. While this opinion of the Chief Price Attorney is not arbitrarily controlling, it is entitled to respectful and careful attention (*United States* v. *American Trucking Assn.*, 310 U. S. 534; *Rahgo* v. *Cities Service Oil Co.*, 177 Misc. 1059) and when so considered is found to be persuasively illuminating. Adopting this conception of the situation as concerns the contract of October 7, 1942, arbitration is ordered as requested. In making this determination the court discards the plea that the petitioner breached the contract by failing to ship promptly and that the contract was canceled by consent of the parties on the authority of *Matter of Lipman* v. *Haeuser Shellac Co.* (289 N. Y. 76) — agreeing with Mr. Justice WALTER (*Matter of Aqua Mfg. Co., Inc.* [*Warshow & Sons, Inc.*], 179 Misc. 949) the aforementioned authority requires that arbitration be ordered where a contract providing for suit has been made, even though it is claimed that it has been canceled by act of the parties and likewise even if one of the contracting parties has been guilty of conduct justifying rescission, unless rescission and thus termination of the contract has been judicially decreed. (*Matter of Kahn* [*National City Bank*], 284 N. Y. 515.)

The objections raised to an arbitration of the contract of October 21, 1942, are in vain. *Matter of Kramer & Uchitelle, Inc.* (*supra*) has no application. The defense that the contract was fraudulently procured because petitioner accepted the bid ostensibly as agent when he was in reality the principal is untenable. While it is true that arbitration will be denied on the ground that fraud in its inception has vitiated it, yet no such decree will be made until it is apodictically shown that the misrepresentations were so important and inducing that no contract would have been made without them. (*Matter of Manufacturers Chemical Co.* v. *Caswell, Strauss & Co.*, 259 App. Div.

321.) Such is not the case here. The objection that respondent has not breached this contract because the goods have not been shipped does not hold good for that is peculiarly a question for the arbitrators. As the law stands, the court can only deny arbitration if no contract exists between the parties. (*Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills,* 239 N. Y. 199.) The additional protest to arbitration of this contract that the controversy is not covered by the arbitration clause is unconvincing. While it is inartistic in its phraseology, the respondent is as much to blame as petitioner. At all hazards unless these businessmen were indulging in intentional ambiguity, which is the antithesis of a business contract, the clause for arbitration must be given some import. (*Outlet Embroidery Co.* v. *Derwent Mills,* 254 N. Y. 79.) It is reasonable to assume that the clause was agreed upon in order to permit the arbitrator to decide whether the controversy was arbitrable. That being so the courts will not interfere. (*Matter of Kelley,* 240 N. Y. 74.)

The reasons hereinbefore assigned apply with equal force to the third contract dated October 26, 1942. As license required for the performance of this contract was obtained before November 25, 1942, the price schedule of the Price Administrator does not apply and the doctrine of *Matter of Kramer & Uchitelle, Inc. (supra)* cannot be invoked. The fact that subsequent to November 25, 1942, this contract was modified does not alter the result.

Therefore, all demurrers to arbitrations being disapproved, it is adjudged that this application be granted as proposed.

Settle order.