In the Matter of the Arbitration between Victor Ceseretti, Appellant, and Trans-Air System, Inc., Respondent.

First Department, October 27, 1964.

*Sylvan Schwartz* of counsel (*Harry Salvan,* attorney), for appellant.

*Philip Feldman* of counsel (*Ronald J. Offenkrantz* with him on the brief; *Spitzer & Feldman,* attorneys), for respondent.

*Per Curiam.* This appeal is taken from an order entered on July 23, 1964, which denied appellant's motion to confirm an arbitration award rendered by a tribunal of the American Arbitration Association and remanded the matter for rehearing and determination before a different arbitrator.

At issue is the propriety of the arbitrator's refusal to grant respondent an adjournment of the initial hearing. The parties had agreed on May 25, 1964 as the date of the hearing and on April 16 were given written notice by the tribunal clerk that the hearing would be held on May 25. On or about May 13, and pursuant to a provision in the notice that all requests for post-ponements must be communicated to the tribunal clerk and not to the arbitrator, respondent's counsel requested the tribunal clerk for an adjournment. Counsel's communication, evidently oral, appears to have consisted merely of a general statement that "the controlling stock interest of the respondent's company was in the process of being sold and the only witness of

the respondent, one Mr. Jay S. Bauman, the Vice-President of the respondent company, could not be available on May 25, 1964, because of conferences and negotiations vital to respondent's transaction." That the statement was communicated to the arbitrator by the tribunal clerk is not disputed. Appellant's counsel informed the tribunal clerk that he would not consent to the adjournment, and thereafter, on May 22, the tribunal clerk advised respondent's counsel that the arbitrator had declined to grant an adjournment and that the parties would be expected to proceed on May 25. At 9:30 A.M. on that day respondent's counsel appeared before the arbitrator without Bauman and endeavored to renew his request for an adjournment. The arbitrator responded that " the matter having been considered and decided, it would not be in order to hear anything further on it in the absence of some new material." Evidently having nothing new to add, counsel withdrew from the hearing, which proceeded in his absence and was concluded at 11:30 A.M. On May 27, by letter to the tribunal clerk respondent's counsel requested that the hearing be reopened, on the ground that the " inability of the Respondent to attend and participate in the hearing on May 25, 1964 precluded the offering of substantial evidence with respect to respondent's position herein." A letter in opposition was submitted on behalf of appellant. The tribunal clerk sent copies of both letters to the arbitrator, who denied the application to reopen the hearing and subsequently rendered an award in appellant's favor.

The sufficiency of the notice of hearing and of opportunity to request an adjournment is beyond question. Having denied the request, the arbitrator was justified in refusing to hear respondent's counsel further, for the basis of the request had been stated and considered and counsel had no additional reason to offer. As to the request itself, its rejection was not arbitrary. No attempt was made to explain why Bauman was the only employee who could testify, nor to explain why Bauman could not arrange a suspension of his " conferences and negotiations " for the morning of May 25. Indeed, no affidavit or letter by Bauman himself was supplied. The same vagueness of excuse was continued in the application to reopen the hearing, and even in the affidavit signed by Bauman in opposition to the instant motion he furnishes no facts in support of such bald statements as that he " was, and still is, the only available witness for Respondent corporation " and that " it was impossible for your deponent to be available at the Arbitration hearing scheduled for May 25, 1964." Under the rules of the association an arbitrator may grant adjournments or reopen hearings for good

cause shown, and no satisfactory case is made that the present arbitrator abused the discretion thus vested in him.

Accordingly, the order aforesaid entered on July 23, 1964, should be reversed, on the law and on the facts, and appellant's motion to confirm the arbitration award granted, with costs.

Botein, P. J., Rabin, Eager, Steuer and Bastow, JJ., concur.

Order, entered on July 23, 1964, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to appellant, and petitioner's motion to confirm the arbitration award granted, with $10 costs.