Two Sisters, Inc., et al. v. Gosch and Company

House, C. J., Cotter, Loiselle, Bogdanski and Longo, Js.

Argued June 2—decision released August 31, 1976

*John J. Graubard,* for the appellants (plaintiffs).

*Jay H. Sandak,* with whom, on the brief, was *Robert A. Epstein,* for the appellee (defendant).

COTTER, J. The plaintiffs appeal from a judgment (1) denying their application to vacate an arbitration award brought under § 52-418 of the General Statutes, and (2) the granting of the defendant's application to confirm that award. The principal issues raised by the assignment of errors which we must resolve are whether the plaintiffs were required to arbitrate a claim of fraud affecting the execution of their contract, and whether the trial court erred in concluding that the arbitrator was innocent of misconduct in refusing to postpone the arbitration hearing because an action seeking a temporary and permanent injunction and rescission of the contract was pending in the Connecticut Superior Court even though no order restraining the holding of that arbitration hearing had been entered at that time.

I

The finding, which is not subject to material correction, discloses the following facts: On December 8, 1972, the parties entered into a contract whereby the defendant agreed to install and maintain cigarette vending machines on the plaintiffs' premises in New Canaan.

On February 20, 1974, after a dispute arose, the defendant invoked the arbitration clause and served upon the plaintiffs a demand for arbitration in accordance with the rules of the American Arbitration Association (hereinafter referred to as the association). On March 6, 1974, the plaintiffs' counsel wrote the defendant's counsel objecting to holding such proceedings. Thereafter, the parties then attempted to resolve the matter by negotiations. When attempts to settle the dispute failed, the defendant forwarded its demand for arbitration to the association on June 3, 1974. The plaintiffs were given notice of the filing the next day and were allowed until June 17, 1974, to reply.

On July 16, 1974, during the course of correspondence between the association and the parties, the plaintiffs' counsel informed the association that his clients contested their obligation to arbitrate the claim on the ground that the contract was induced by fraud and stated: "Should the American Arbitration Association wish to proceed . . . , we will see to it that appropriate action is taken to have the proceedings enjoined." On July 22, 1974, the defendant denied the claim of fraud and requested the association to proceed toward arbitration. The association reviewed the parties' contentions and notified them on August 21, 1974, that it had determined to proceed with the arbitration.

On October 4, 1974, the parties were given notice of the arbitration hearing to be held in New York City on November 7, 1974.

On October 15, 1974, the plaintiffs signed a writ, summons and complaint in the Superior Court seek-

ing rescission of the contract and a temporary and permanent injunction against the maintenance of the arbitration hearing.[1]

The plaintiffs notified the defendant and the association of this pending action and requested a postponement of the November 7 hearing. On October 25, 1974, the Association acknowledged receipt of the plaintiffs' request, sought comment from the defendant's counsel, and determined on October 30 that the November 7 hearing should proceed as scheduled. The plaintiffs did not appear or participate in this hearing, and on November 11, 1974, a written award was rendered against them. After a hearing, the Superior Court denied the application to vacate and confirmed the award in favor of the defendant in all respects.

## II

The plaintiffs argue that since they have raised the issue of fraud in the obtaining of the contract, the question of its validity was for the Superior Court to determine before arbitration could proceed.

"The language of the contract determines whether the arbitrability of a dispute is a question for the court or for the arbitrators. The parties are free to set the limits of the arbitrators' authority, but, once having agreed upon those limits, they cannot, except by mutual consent, vary them. *Connecticut Union of Telephone Workers* v. *Southern New England Telephone Co.*, 148 Conn. 192, 197, 169 A.2d

---

[1] The court found that the claim for damages contained no prayer for temporary injunctive relief. The plaintiffs assign error to this finding. The finding is corrected to show that such a claim was in fact made. Practice Book §§ 627, 628; *State* v. *Brown*, 163 Conn. 52, 55, 301 A.2d 547.

646." *A. Sangivanni & Sons* v. *F. M. Floryan & Co.,* 158 Conn. 467, 471, 262 A.2d 159; 5 Am. Jur. 2d, Arbitration and Award, § 14.

The contract contained a broadly worded arbitration clause, providing for arbitration of all disputes arising out of the provisions of the contract, the breach of the contract, the making or validity of the contract, or the circumstances of the execution of the contract.[2] This arbitration clause clearly reflects the parties' general desire to settle any disputes relating to their contract speedily and finally through arbitration, including claims of fraudulent inducement. See *A. Sangivanni & Sons* v. *F. M. Floryan & Co.,* supra, 473.

Since the parties have selected their tribunal, the plaintiffs' claim of fraud must be settled there unless General Statutes § 52-408 permits the plaintiffs to rescind that selection.[3] While the plaintiffs' signing of this contract "in blank" may have led the plaintiffs to enter unwillingly into their undertaking with the defendant, examination of the contract, partic-

---

[2] The clause reads in pertinent part as follows: "Every controversy or claim arising under or out of the provisions of this contract or the provisions of the personal guaranty thereof, or the breach of such contract or guaranty, or with respect to the making or validity of this contract, or that guaranty, cr the circumstances of the execution of this contract or that guaranty, or with respect to the enforcement of any of the rights, remedies, and privileges of Vendor as to repossession, retention and sale of the collateral in which Vendor has a security interest hereunder shall be determined only by arbitration, by one arbitrator, acting under the auspices of the American Arbitration Association in accordance with its rules and procedures then obtaining."

[3] General Statutes § 52-408 provides in part that: "An agreement in any written contract, or in a separate writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract, . . . shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally."

ularly the arbitration clause, fails to disclose any basis for the plaintiffs to claim that they were fraudulently induced to agree to arbitrate any disputes under this contract. The plaintiffs do not deny that they executed the contract, as was claimed in *Matter of Princeton Rayon Corporation* v. *Gayley Mill Corporation,* 309 N.Y. 13, 127 N.E.2d 729, nor do they assert that the arbitration clause was an essential part of the alleged fraud, as claimed in *Moseley* v. *Electronic Facilities,* 374 U.S. 167, 83 S. Ct. 1815, 10 L. Ed. 2d 818. Cf. *Frankle* v. *Petzold, Ltd. Fur Dyeing Corporation,* 180 Misc. 88, 40 N.Y.S.2d 566; 6 C.J.S., Arbitration, § 42 n.61. Since the plaintiffs failed to allege fraud which materially affected their decision to resolve any disputes under this contract through arbitration, there was no error in the court's conclusion that the plaintiffs' claim of fraudulent inducement was for the arbitrator. See *Prima Paint Corporation* v. *Flood & Conklin,* 388 U.S. 395, 402–404, 87 S. Ct. 1801, 18 L. Ed. 2d 1270; *Robert Lawrence Co.* v. *Devonshire Fabrics, Inc.,* 271 F.2d 402 (2d Cir.), cert. dismissed, 364 U.S. 801, 81 S. Ct. 27, 5 L. Ed. 2d 37; *Matter of Weinrott* v. *Carp,* 32 N.Y.2d 190, 197–98, 298 N.E.2d 42; 6 C.J.S. Arbitration, § 32; cf. *Security Construction Co.* v. *Maietta,* 25 Md. App. 303, 334 A.2d 133; *Atcas* v. *Credit Clearing Corporation of America,* 292 Minn. 334, 197 N.W.2d 448; note, 91 A.L.R.2d 936, and Later Case Service.

### III

The plaintiffs' remaining claim is that the court erred in its ruling that the arbitrator was not guilty of misconduct in declining to postpone the November 7 arbitration hearing pending resolution of the plaintiffs' action for rescission of the contract and injunctive relief against the hearing.

"Every reasonable presumption and intendment will be made in favor of [an arbitration] award and of the arbitrators' acts and proceedings. Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it. 6 C.J.S. 281, § 130; Sturges, Commercial Arbitrations and Awards, p. 549." *Von Langendorff* v. *Riordan,* 147 Conn. 524, 527, 163 A.2d 100. The arbitrator was empowered under New York law to schedule the November 7 hearing in New York City upon notice to the parties and determine in his discretion whether to hold or postpone that hearing. Having properly noticed the hearing, the arbitrator was empowered to proceed and to consider the defendant's evidence when the plaintiffs failed to appear. N.Y. Civ. Prac. Law § 7506; see *Matter of Ceseretti* v. *Trans-Air System, Inc.,* 22 A.D.2d 27, 253 N.Y.S.2d 409, aff'd 15 N.Y.2d 844, 205 N.E.2d 871; compare General Statutes §§ 52-413, 52-414.[4]

We find no error in the court's conclusions that the plaintiffs had not demonstrated sufficient cause to compel a postponement of the scheduled hearing and that there was no misconduct on the arbitrator's part in refusing to postpone the hearing. The finding discloses that the plaintiffs first threatened to enjoin the arbitration on July 16, 1974, that the

---

[4] Parties to an arbitration are not entitled to a postponement merely by asking for one, nor is every decision of an arbitrator to deny a request for a postponement and proceed with the arbitration grounds for vacating the award. In passing on requests for postponements an arbitrator may balance the prejudice to the moving party resulting from the failure to postpone against the prejudice to the opposing party due to granting a postponement, the avoidability of such postponement, and other circumstances as warranted in each case. See *Local Union No. 251* v. *Narragansett Improvement Co.,* 503 F.2d 309, 312 (1st Cir.); *Allendale Nursing Home, Inc.* v. *Local 1115 Joint Bd.,* 377 F. Sup. 1208 (S.D. N.Y.); *Tube & Steel Corporation of America* v. *Chicago Carbon Steel Products,* 319 F. Sup. 1302 (S.D. N.Y.).

plaintiffs were notified on August 21, 1974, by the association that the arbitration would proceed despite their claim of fraud and denial of any obligation to arbitrate, and further disclosed that their action for rescission and injunction was not filed until October 15, 1974. These findings support the court's conclusion that the plaintiffs failed to act in a timely manner to secure injunctive relief against the arbitration hearing, which would have made their October 25 request for a postponement unnecessary. Additionally, since the plaintiffs' claim of fraud was for the arbitrator, the Association's decision to proceed with the November 7 hearing did not materially prejudice the plaintiffs. In choosing to decline to participate in the November 7 hearing, allowing it to be held ex parte, and attacking the arbitrator's award on the collateral ground of fraud, the plaintiffs acted at their peril and cannot complain because their collateral attack has failed. *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 64, 82 A.2d 345.

There is no error.

In this opinion the other judges concurred.