[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION
The plaintiffs in this action, CFC Greenwich Realty Development Corporation, Anthony N. Fraulo, and Vincent J. Colangelo, seek to enjoin the defendant, Mario Gabelli from proceeding with an arbitration initiated by the defendant against the plaintiffs and Capital Impact Corporation.
The plaintiffs had constructed a house on speculation in the Town of Greenwich. The listing price for the sale of the house was $2,250,000.00. In August, 1988, the house had been on the market for almost a year.
The plaintiffs and the defendant entered into a written joint venture agreement on August 30, 1988. Under the agreement, the defendant was to make funds available to the plaintiffs in order to reimburse the plaintiffs for certain expenses and to meet the debt service expenses and other carrying costs of the house through August, 1991. When the house was sold, the defendant was to receive a repayment of the money advanced plus 10% of that amount as well as receiving 10% of the adjusted net proceeds.
The agreement provided for arbitration as follows: CT Page 4095
"SECTION TEN
ARBITRATION
Any matter in dispute, and which is not provided for in this agreement, shall be submitted to arbitration. In the event of a dispute between or among any part [sic] hereto, any party may apply to the American Arbitration Association to designate an arbitrator in accordance with the Commercial Arbitration rules for expedited procedures of the American Arbitration Association, Hartford, Connecticut, Regional Office ("AAA"), and judgment upon the award rendered by the Arbitrators may be entered into any court having jurisdiction thereof."
The defendant claims that he advanced to the venture the sum of $326,000.00 through June, 1990. The defendant claims to have discovered certain misrepresentations and non-disclosures by Fraulo and Colangelo in conjunction with the venture. On December 21, 1990, the defendant made a demand for arbitration by the American Arbitration Association, claiming by way of relief a rescission of the contract because of the misrepresentations and no-disclosures, a return of the funds advanced by him to the venture, together with interest and attorneys' fees.
In January, 1991, the plaintiffs requested that the arbitration association determine the issues raised by Gabelli to be non-arbitrable. The American Arbitration Association determined that an issue as to arbitrability existed which might be determined by an arbitrator.
The plaintiffs seek to enjoin further arbitration proceedings on the grounds, primarily that the issue of rescission and the validity of the contract is one for the court to determine in the first instance and also that the other issues raised by the defendant are extraneous to the contract and not suitable for arbitration.
It appears to this court that the case of Two Sisters, Inc, v. Gosch Co., 171 Conn. 493, 370 A.2d 1020 (1976) is controlling. The court in that case, where a similar claim was made, stated, at page 497:
 The contract contained a broadly worded arbitration clause, providing for arbitration of all disputes arising out of the provisions of the contract, the breach of the contract, the making or validity of the contract, or the circumstances of the execution of the contract. This arbitration clause clearly reflects the parties' general desire to settle any disputes CT Page 4096 relating to their contract speedily and finally through arbitration, including claims of fraudulent inducement. See A. Sangivanni Sons v. F.M. Floryan Co., supra, 473.
The plaintiffs in this case claim that the provision of C.G.S. Sec. 52-408, that an agreement in writing to arbitrate shall be valid, "except when there exists sufficient cause at law or equity for avoidance of written contracts generally," would require that a court first determine if the contract can be rescinded because of fraud in the inducement. But, the Two Sisters court indicated that exception was applicable to the validity of the arbitration provision of the contract and whether the agreement to arbitrate was fraudulently induced.
"Since the plaintiffs failed to allege fraud which materially affected their decision to resolve any dispute under this contract through arbitration, there was no error in the court's conclusion that the plaintiffs' claim of fraudulent inducement was for the arbitrator." Id. at 498.
The arbitration provision in the instant case provides for "[a]ny matter in dispute" to be submitted to arbitration and the agreement including the arbitration provision was drafted by the plaintiff Fraulo.
The court in the earlier A. Sangivanni case specifically refused to address the issue of the availability of arbitration when rescission, rather than damages, is the relief sought on a claim of fraudulent inducement. The court did say: "[w]e reiterate the rule which applies herein that the question of what is subject to arbitration is for the arbitrators under the broad and all-embracing language of the contract. College Plaza, Inc. v. Harlaco, Inc., 152 Conn. 707, 708, 206 A.2d 832. Specific designation of arbitrable matters is unnecessary where the language of the arbitration clause indicates an intention of the parties to include all controversies which may arise under the principal agreement between them." Id, at 473.
The application for preliminary injunction is denied.
NIGRO, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 4101