■ In the Matter of the Arbitration between DISSTON COMPANY, Respondent, and SANDVIK AKTIEBOLAG, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered November 14, 1990, which, *inter alia,* granted petitioner's application to confirm an arbitration award, unanimously affirmed, with costs.

This arbitration proceeding arises out of a dispute related to an international distributorship agreement. In March of 1990 the parties agreed to be available for a hearing in June of 1990. By letter dated May 18, 1990, counsel for respondent-appellant sought an adjournment to mid-September on the ground that their "principal—and perhaps only—witness has recently informed us that his continued presence in Europe would be required until the middle of September." The adjournment was denied. A renewed request was made by letter dated June 6, 1990, selecting alternate dates in July, August and September, but reiterating that the witness would not be available for the scheduled hearing during the week of June 18. This renewed request was likewise denied, and the arbitration hearing proceeded in the absence of both respondent and his counsel.

We have previously held that it is the burden of the party seeking to avoid an arbitration award to demonstrate "by 'clear and convincing proof' " that the arbitrator has abused his discretion in such a manner so as to constitute misconduct sufficient to vacate or modify an arbitration award *(Matter of Herskovitz [Kaye Assocs.],* 170 AD2d 272, 274). Respondent has not met that burden. It has failed to demonstrate that the witness was the only person able to testify on respondent's behalf or that the witness could not make other arrangements; indeed no statement by the witness himself was obtained. *(See, Matter of Ceseretti [Trans-Air Sys.],* 22 AD2d 27, *affd* 15 NY2d 844.) Nor was there any evidence relating to the

nature and importance of the witness's allegedly pressing business engagements. In view of the advance notice given respondent, both before and after the denial of the adjournment, it cannot be said that the arbitrator's conduct constituted an abuse of discretion sufficient to vacate or modify the award.

In the circumstances we find no abuse of discretion. Nor do we find the award excessive. Merely because an arbitrator's award is not arrived at by precise mathematical computations does not make it punitive *(see, Board of Educ. v Niagara-Wheatfield Teachers Assn.,* 46 NY2d 553, 557). Concur—Rosenberger, J. P., Kupferman, Smith and Rubin, JJ.