■ In the Matter of the Arbitration between DISSTON COMPANY, Respondent, and SANDVIK AKTIEBOLAG, Appellant.—Order, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered on or about January 30, 1992, which, *inter alia,* denied respondent's motion to renew its cross-motion seeking to vacate or modify an arbitration award or for leave to amend the cross-motion to include evidence of petitioner's debt to a wholly owned subsidiary of respondent and of respondent's right to set-off its liability to petitioner against that debt, unanimously affirmed, with costs.

This Court previously affirmed an order of the Supreme Court confirming the underlying arbitration award (176 AD2d 679, *lv denied* 79 NY2d 757). The IAS Court properly denied leave to renew as respondent failed to provide a valid excuse for not submitting the additional facts to the trial court before perfection of the prior appeal *(see, Levitt v County of Suffolk,* 166 AD2d 421, 422-423, *lv dismissed* 77 NY2d 834).

Even had the motion been timely, an arbitration award may not be vacated on grounds of newly discovered evidence *(Matter of Central Gen. Hosp. v Hanover Ins. Co.,* 49 NY2d 950). Further, because a corporation cannot pierce its own corporate veil to benefit either the parent or a subsidiary *(Pennsylvania Eng'g Corp. v Islip Resource Recovery Agency,* 710 F Supp 456, *rearg denied* 714 F Supp 634), the entities herein may not aggregate their individual claims or debts for set-off purposes. *(See, Alexander & Alexander v Fritzen,* 114 AD2d 814, *affd* 68 NY2d 968.) Concur—Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.