[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANTS' MOTION TO STAY (#102) MOTION TO DISMISS (#103)
On or about January 28, 1991, the parties entered into a contract for the purchase and sale of real estate and construction of a new home located in Meriden, Connecticut. Prior to the signing of the contract, the agent for the defendant Triple S Development assured the plaintiff's Theodore and Ronayne Ogle that nearby wetlands would cause no problems with the house, the lot, and the planned addition. The plaintiffs then entered into the written agreement.
Plaintiffs' affidavit alleges that cracks have developed in the basement floor, water has collected in the basement, and other problems have developed with the house. This damage cannot be cured because the house is located within the wetland or within the prescribed construction area under the Meriden land use regulations.
The plaintiffs have filed an action in six counts claiming; rescission and damages; damages; punitive damages; attorneys fees; costs. The complaint alleges that the defendant and its agents fraudulently induced the plaintiffs to purchase the premises by asserting that proximity to the wetlands would not present a problem.
The defendant has filed a motion to dismiss and a motion to stay arguing that pursuant to paragraph 13 of the written contract, the plaintiffs are required to participate in arbitration to settle any dispute arising under the written agreement.
At paragraph 13, the sales contract states ". . . in the event of controversy or claim arising out of or relating to this contract or breach thereof, the buyer will participate in arbitration . . ."
Where a broad arbitration clause remains in force, "the mere fact that the plaintiff will or may claim fraudulent inducement does not . . . give [a party] any right to refuse to arbitrate a `disagreement pertaining to' the contract." A. Sangivanni Sons v. F. M. Floryan Co., 158 Conn. 467, 472
(1968). "Specific designation of arbitrable matters is CT Page 3005 unnecessary where the language of the arbitration clause indicates an intention of the parties to include all controversies which may arise under the principal agreement between them." Id. at 473.
In Two Sisters, Inc. v. Gosch Co., 171 Conn. 493
(1976), the plaintiff attempted court action to rescind a contract claiming the agreement was fraudulently induced. Id. at 495-96. "The contract contained a broadly worded arbitration clause, providing for arbitration of all disputes arising out of the provisions of the contract, the breach of the contract, the making or validity of the contract, or the circumstances of the execution of the contract." Id. at 497. The court concluded that such an arbitration clause "clearly reflects the parties' general desire to settle any disputes relating to their contract speedily and finally through arbitration, including claims of fraudulent inducement." Id.
While the arbitration clause in the instant case is not quite as broad as the clause in Two Sisters, the clause in the instant case nevertheless reflects the parties' desire to settle any disputes under the contract, including claims of fraudulent inducement, by means of arbitration. See CFC Greenwich Realty Development Corp. v. Gabelli, 4 Conn. L.Rptr. 16, 17 (1991). Moreover, while the plaintiffs have alleged fraudulent inducement, they have "failed to allege fraud which materially affected their decision to resolve any disputes under this contract through arbitration." See Two Sisters, 171 Conn. at 498. Therefore, the plaintiffs' claim of fraudulent inducement should be resolved through arbitration. Id. at 498; A. Sangivanni Sons,158 Conn. at 473; Gabelli, 4 Conn. L. Rptr. at 17.
For the reasons stated, the motion to dismiss is denied but the motion to stay is granted.
Dorsey, J. CT Page 3006