[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action brought an application to enjoin arbitration and to stay a pending arbitration hearing.
The plaintiff is a homeowner whose residence is located at 30 Pleasant Hill Road, Woodbridge. The defendant, Christopher O'Connor, Inc., is a contractor. The plaintiff and Christopher O'Connor, Inc. entered into an "Abbreviated Form of Agreement between Owner and Contractor" dated July 1, 1994 (hereinafter "agreement"). The party that executed the agreement as contractor was Christopher O'Connor, Inc. The performance of the obligations of the corporation under the agreement was guaranteed by CT Page 3565 Christopher G. O'Connor individually.
During the course of the performance of the contract disagreements arose between the plaintiff and defendants. By application dated February 22, 1995, the plaintiff sought an order enjoining arbitration of that dispute.
It is undisputed that the agreement between the parties contained the following arbitration clause:
 All claims or disputes between the Contractor and the Owner arising out of or relating to the Contract or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise and subject to an initial presentation of the claim or the dispute to the Architect as required under Paragraph 10.5. . . . (emphasis supplied)
The application to enjoin the arbitration claims that, notwithstanding the arbitration clause, the agreement is not subject to arbitration because of the language of Conn. Gen. Stat. § 52-408 in that there is claimed to exist "sufficient cause at law or in equity for the avoidance" of the agreement. The plaintiff's position is that the agreement is a "home improvement contract" as defined in Conn. Gen. Stat. § 20-418, et seq. The plaintiff further claims that the defendant failed to comply with the requirements of the Home Improvement Act. That act specifically provides "no home improvement contract shall be valid or enforceable against an owner" unless the contract complies with the provisions of Conn. Gen. Stat. § 20-429. In this case, the plaintiff claims that the contractor was not licensed at the time of entering into the agreement as required by § 20-429(a)(8), and that no notice of the owner's right to cancel was provided to the plaintiff contrary to Conn. Gen. Stat. § 20-429(a)(6).
The plaintiff's argument quite simply is that the Home Improvement Act, as a matter of public policy, makes contracts contrary to the act unenforceable. The plaintiff then claims that the contract in question is a Home Improvement Contract and that because there are two violations of the act, the contract is unenforceable. Accordingly, the arbitration provision contained in CT Page 3566 the contract is unenforceable.
Ignoring the substance of the dispute surrounding the adequacy of performance, the parties would appear at the present time to disagree on three substantial issues: (1) Is the contract subject to the Home Improvement Act; (2) Was the contractor licensed; (3) Was the requisite notice of the right of recision given.
The threshold question which this court faces in addressing the plaintiff's application for a temporary injunction is whether the answer to the three disputed questions should come in the first instance from this court or whether the court should allow the parties to take this dispute to arbitration and have the answer to the question come from arbitration. The key question is which forum, court or arbitration, should answer the question first.
Each side has ably briefed and argued the dispute. The court is of the opinion that the matter ultimately resolves itself to two Supreme Court decisions, Two Sisters Inc. v. Gosch and Co.,171 Conn. 493 (1976), and Success Centers Inc. v. Huntington LearningCenters Inc., 223 Conn. 761.
In Two Sisters Inc. v. Gosch and Co. the arbitration clause read in pertinent part as follows:
 Every controversy or claim rising under or out of the provisions of this contract or the provisions of the personal guaranty thereof, or the breach of such contract or guaranty, or with respect to the making or validity of this contract, or that guaranty, or the circumstances of the execution of this contract or that guaranty, or with respect to the enforcement of any of the rights, remedies and privileges of vendor as to repossession. . . . (emphasis supplied)
Two Sisters, at 497 n. 2.
In Success Centers Inc., the pertinent portion of the arbitration clause read as follows:
 21.01 Arbitration. Any controversy or claim arising out of or relating to this agreement, or any breach thereof, including, CT Page 3567 without limitation, any claim that this agreement, or any part thereof, is invalid, illegal or otherwise voidable or void, shall be submitted to final and binding arbitration
before, and in accordance with, the commercial rules of the American Arbitration Association to be conducted by the American Arbitration Association in the municipality nearest to the home office of the company, unless the parties otherwise agree in writing. . . . (emphasis supplied)
Success Centers Inc., at 770 n. 10.
The court recognizes the similarity between the case before it and the arguments made in Two Sisters Inc. and Success Centers Inc.
In Two Sisters, the claim was that the contract in question was obtained as a result of fraud in the inducement, and consequently because the contract was invalid, the arbitration obligation was nonbinding. The Supreme Court in Two Sisters found that there was no fraud involved in inducing the agreement to arbitrate and accordingly enforced the arbitration provision. In Success CentersInc., the claim was that the contract in question violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a,et seq. In an argument quite similar to this one, the argument was then made that since the violation of the Unfair Trade Practices Act was a violation of public policy, the contract in question violated public policy and accordingly the arbitration provision was not enforceable. The Supreme Court disagreed.
It is worth noting that procedurally Two Sisters arose in the context of the plaintiff's attempt to vacate arbitration after an arbitration award was made. Procedurally, Success Centers Inc. is even less in point. In Success Centers Inc., the trial court had denied the plaintiff's request for injunctive relief and ordered the parties to proceed to arbitration. The plaintiff appealed to the Appellate Court which granted the defendant's motion to dismiss the appeal and the plaintiff, upon the granting of cert, appealed to the Supreme Court. The Supreme Court opinion in Success CentersInc. is concerned with the question of whether or not the trial court's denial of the request for injunctive relief was a final appealable order. All of the other discussions in the case concerning the effectiveness of the contract and the alleged public policy violation inherent in CUTPA were dicta in the majority opinion. The majority opinion concluded: CT Page 3568
 The trial court's order was thus not immediately appealable. This conclusion accords with the policy underlying arbitration. `Arbitration affords a contractual remedy with a view towards expediting disputes. . . .' Arbitration is favored because it `is intended to avoid the formalities, delays, expenses and vexation of ordinary litigation.' Prohibiting interlocutory appellate review limits disruption in delay and prevents the arbitration process from being overtaken by litigation." Success Centers, Inc., at 776.
In summation, Success Centers Inc. is about the Supreme Court's holding that rulings under § 52-409, which refuse to enjoin arbitration, are not appealable even though rulings under § 52-410, which order arbitration, appear to be appealable.
In Two Sisters Inc. the court commented as follows:
 The contract contained a broadly worded arbitration clause, providing for arbitration of all disputes arising out of the provisions of the contract, the breach of the contract, the making or validity of the contract, or the circumstances of the execution of the contract. Two Sisters Inc., at 497.
In her prayer for relief, the plaintiff in the instant case pleads as follows:
 Wherefore, the plaintiff claims an order permanently enjoining the defendants from proceeding with arbitration against the plaintiff with respect to any claim, demand or defense related to the agreement. Further, the plaintiff seeks a temporary stay of the arbitration proceedings referenced above until such time as a hearing can be held with respect to this application.
The court recognizes that whether the parties have agreed to submit to arbitration the merits of their claims, as well as the CT Page 3569 question of arbitrability, depends upon the intention of the parties as manifest in their agreement to arbitrate. TurnerConstruction v. Eppoliti Inc., 28 Conn. App. 139, 142-143 (1992). The court also recognizes that the contract language determines whether the arbitrability of a dispute is to be decided by the court or the arbitrator. Two Sisters Inc. v. Gosch and Co.,171 Conn. 493, 496 (1976). And finally the court recognizes that when the parties have employed broad based arbitration clauses, the courts have held the question of arbitrability should be decided by the arbitrator. Two Sisters, supra, at 497.
However, this court is not faced with the normal situation of a general submission to arbitration but rather is faced with the question of the validity of the underlying contract. The court notes that the arbitration clauses in both Success Centers and TwoSisters specifically included an agreement to arbitrate the validity of the contract and the circumstances of its making. The arbitration clause before this court, while general with regard to all matters under the contract, contains nothing that suggests that matters surrounding the execution of the contract or its possible violation of public policy should be submitted to the arbitrators. The arbitration clause in the instant case simply is not as broad, particularly with regard to execution and policy matters, as the arbitration clause in either Success Centers or Two Sisters.
Further, the court is mindful of the fact that the legislature and the judicial decisions have strictly interpreted the Home Improvement Act. The act clearly provides, "No home improvement contract shall be valid or enforceable against the owner" unless the contract complies with the provisions of Conn. Gen. Stat. § 20-429.
Faced with the legislative policy, and in the absence of any agreement to arbitrate validity or enforceability, the court temporarily enjoins the defendants from proceeding with arbitration against the plaintiff with respect to any claim, demand or defense related to the agreement until such time as a hearing is held on the application for a permanent injunction.
At the time of the hearing on the application for the permanent injunction, it appears to this court appropriate that a court determine whether the contract in question is subject to the Home Improvement Act and whether it complies with that act. If the contract is subject to the act and fails to comply with the act, arbitration would not be available to the defendant. If the court determines that the contract in question is not subject to the act, or is subject to the act but complies, then it would appear CT Page 3570 appropriate to deny the permanent injunction and to allow the parties to return to arbitration.
THE COURT BY KEVIN E. BOOTH, JUDGE