DONNA BOYLAN ET AL. *v.* GERALD LOGAN
(AC 20218)

Schaller, Zarella and Pellegrino, Js.

Submitted on briefs September 15—officially released November 14, 2000

*Peter Harvey* filed a brief for the appellant (defendant).

*Brendan T. Flynn* and *Donald Gaudreau* filed a brief for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The defendant, Gerald Logan, appeals from the judgment of the trial court granting the application of the plaintiffs, Donna Boylan and Meryl Koslow, to confirm an arbitration award and denying his motion to vacate the arbitration award. On appeal, the defendant claims that it was improper for the arbitrator to decide whether the contract, which provided for arbitration, was induced by fraud. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. The parties entered into a loan agreement in connection with the sale and purchase of a chiropractic medical practice. The loan agreement included a broad arbitration clause.[1] A dispute arose, and the parties instituted separate actions against each other. The matters were consolidated, and the plaintiffs, seeking arbitration, moved to stay the actions. The motion to stay was granted, and the plaintiffs filed a demand for arbitration with the American Arbitration Association. Hearings were held, and an award was entered in favor of the plaintiffs in the amount of $82,627.45. Thereafter, the plaintiffs filed an application to confirm the award in the Superior Court, and the defendant filed a motion to vacate. The

---

[1] Paragraph 14 (f) of the loan agreement provides: "Arbitration: Any controversy or claim arising out of or related to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Venue for the arbitration shall be in Hartford, Connecticut."

court granted the motion to confirm and denied the motion to vacate, but did not offer a written opinion other than a handwritten note that stated: "See *Two Sisters, Inc.* v. *Gosch & Co.*, 171 Conn. 493 [370 A.2d 1020 (1976)]."

The defendant argues that his claim of fraud in the inception of the agreement is an issue that should not have been decided by the arbitrator. The authority cited by the court in dismissing this argument is precisely on point. In *Two Sisters, Inc.* v. *Gosch Co.*, supra, 171 Conn. 497, our Supreme Court held that if a contract contains a broadly worded arbitration clause, as does the contract in the present case, then the clause "reflects the parties' general desire to settle any disputes relating to their contract speedily and finally through arbitration, including claims of fraudulent inducement." The court properly denied the motion to vacate and appropriately confirmed the award.

The judgment is affirmed.