[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR STAY OF PROCEEDINGS AND TO COMPEL ARBITRATION
In this six count complaint for unlawful termination of employment and related claims of defamation, negligent misrepresentation etc. defendant has moved to stay this court proceeding and compel arbitration of all of plaintiff's claims. Defendant claims there was an unequivocal agreement to arbitrate based on a signed acknowledgment form dated October 18, 1999.
That document entitled "Acknowledgment Form for the Code of Conduct and Employee Handbook" and consisting of two pages contains the following paragraph beginning at the bottom of page 1 and extending to the first four lines on page 2.
 Internal Dispute Resolution/Employment Arbitration Policy (section A5). These policies provide the opportunity for prompt and objective review of employment concerns. I understand that the UnitedHealth Group Employment Arbitration Policy is a binding contract between UnitedHealth Group and me to resolve all employment-related disputes which are based on a legal claim through final and binding arbitration. I agree to submit all employment-related disputes based on legal claim to arbitration under UnitedHealth Group's policy.
Plaintiff argues that this document is not enforceable against her because she signed it unilaterally on Monday, October 18, four days after she signed all the forms given to her on October 14, the day she claims she started her employment as "Director of Billing and Banking."
At trial there was conflicting evidence as to the actual starting date of plaintiff's employment as well as the dissemination of materials by the defendant containing the arbitration provision prior to October 18, plaintiff denying any receipt of such materials. Furthermore, plaintiff maintains she never noticed the above quoted paragraph when she signed the "Acknowledgment" and therefore took no objection to it. She claims to have been unaware of any arbitration requirement from any source. William Mostrianni, Director of Human Resources for the defendant testified that the arbitration provision was a standard requirement for all employees, and was clearly set forth in the Employee Handbook, which was distributed to the plaintiff on October 14. The acknowledgement quoted above was signed by plaintiff during the orientation session on Monday, October 18, although no specific discussion of the arbitration provision took CT Page 3787 place.
On March 2, 2000 a series of discussions started about plaintiff's job performance, leading eventually to negotiations for her resignation, and eventually resulting in a letter of termination on March 31, 2000 for "unsatisfactory performance".
Because the complaint alleges, inter alia, wrongful termination in violation of the public policies inherent in the Older Worker Benefit Protection Act, 29 U.S.C. § 826 and in Conn. General Statutes § g31-70 et seq., the parties have made claims of law under federal cases as well as Connecticut law.
Both the Federal Arbitration Act (F.A.A.) and the Connecticut Arbitration Statute, General Statutes § 54-408 et seq. favor the enforcement of written arbitration agreements.
§ 9 U.S.C. § 2 provides:
 [a] written provision in a . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract."
General Statutes § 52-408 provides:
Pursuant to the Connecticut Arbitration Statute:
 An agreement in any written contract, or in a separate writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract . . . or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally.
Conn. Gen. Sat. § 52-408. See also Perry v. Thomas, 482 U.S. 483, CT Page 3788 489, 107 S.Ct. 2530, 96.
Our appellate courts have repeatedly affirmed the favoring of arbitration as a means of settling private disputes. Green v. ConnecticutDisposal Services, Inc., 62 Conn. App. 83 (2001); White v. Kampner,229 Conn. 465, 471 (1994).
 I.
Plaintiff claims she is not bound by the arbitration provision in the Employees Handbook and summarized in the acknowledgement she signed on October 18, because her employment contract with defendant had been completed prior to that date and there was no consideration or mutuality attached to the acknowledgment she signed.
Although plaintiff formally accepted defendant's offer of employment on September 27, 1999, and spent Thursday and Friday, October 14 and 15 at defendant's office, she knew that her job orientation would take place on Monday, October 18, the regular orientation day for all employees of defendant. The Acknowledgement was given to her that day as part of a multi-employee orientation which was a necessary prelude to her formal assumption of job responsibilities. Credit cannot be given to plaintiff's claim that the acknowledgment was signed subsequent to her start of employment because Monday, October 18 is found to be her first day of employment. In the September 14 letter from defendant to plaintiff confirming her employment plaintiff was advised that she was scheduled to attend the "New Hire orientation session at 8:00 on the first day at work." It was testified that all new employees commenced work on Monday. The arbitration provision was not an addition but an intrinsic part of her employment agreement as it was with all agreements with employees of defendant. Although the acknowledgement form contains several other matters in addition to the arbitration provision, review of the document refutes plaintiff's claim that the document was confusing and that the arbitration paragraph was not sufficiently highlighted. In any event, she had already received a copy of the Employees Handbook, containing essentially the same language the week before, so that the provision in the acknowledgment was not new. Moreover, the earlier letter to her dated September 9 introduced by defendant, the receipt of which was not admitted by plaintiff, specifically refers to the "Employment Arbitration Policy which are conditions of your employment." In this case, full notice and acknowledgement of the arbitration provision took place within the orbit of the formal start of employment unlike the distribution of an employment manual long after employment had begun resulting in a finding of no consideration upheld by our Supreme Court in Torosan v. BoehringerIngleheim Pharmaceuticals, Inc., 234 Conn. 1, 18 (1995). CT Page 3789
 II.
Plaintiff claims that an agreement by an employee to submit employment disputes to arbitration is not effective to by-pass resort to the courts unless it is accompanied by a specific waiver of the right to a jury trial. She cites the Superior Court decision in Norton v. CommercialCredit Corp. et al., Superior Court at Hartford No. CV 98-0578441-S,23 Conn.L.Rptr. No. 3, 102 (December 7, 1998, Rittenband, J.) which held that an arbitration claim in an employment agreement is unenforceable unless the clause includes an explicit statement that the right to a jury trial is being waived. That case involved execution of a form by an employee 15 days after she started employment and the court, in addition to finding that the subsequent promise to arbitrate lacked consideration, concluded that there was no clear intent by the employee to waive a jury trial. There are cases to the contrary. In Hessler v.Smith Barney, Inc., Superior Court, 1999 WL 703077 (August 20, 1999) Judge Sullivan found that where the agreement to arbitrate was part of the initial hiring, it was supported by consideration, and "as an alternative to judicial litigation and therefore excludes trials, both court trials and jury trials." Further, in Fahim v. Cigna Investments,Inc., U.S. Dist. Ct. Conn. No. 3: 98 CV 232 (Pc D) (September 10, 1998, Dorsey J.) the District Court enforced an arbitration agreement in a case factually similar to the instant case and dismissed a motion for a jury trial.
In LR Realty v. Connecticut National Bank, 246 Conn. 1, 10 (1998) our Supreme Court in listing the circumstances in which a jury trial can be waived cites with approval. Two Sisters, Inc. v. Gosch Co.,171 Conn. 493, 496-7, holding that an agreement to arbitrate is binding in the absence of fraud.
Since there was a valid agreement to arbitrate and no allegation of fraud it was not necessary to specifically waive the right to a jury trial in order to make the agreement effective.
 III.
No serious claim has been made that the claims made by plaintiff in her complaint relating to unlawful termination, defamation, or infliction of emotional damages, are not proper subjects of arbitration or could not fairly be arbitrated. Other claims by the plaintiff that the arbitration agreement was not sufficiently clear and direct or that internal dispute resolution was a necessary precondition to arbitration are without merit. CT Page 3790
Motion to stay court proceedings and to compel arbitration is GRANTED.
Wagner, TJR.