[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STAY ACTION PENDING ARBITRATION
Pursuant to General Statutes § 52-409 the defendant has moved this court to stay a civil action in this matter in order that the matter be heard in binding arbitration as set forth in a document signed by the parties.
On May 3, 2000 the plaintiffs and the defendant entered into a construction agreement relative to certain home improvements on the plaintiffs' residence at 7 Old Gate Road, Wallingford, Connecticut. That agreement contained an arbitration provision which read as follows:
 "9. It is expressly understood and agreed to by the parties hereto that in the event of a controversy or claim arising out of or relating to this Agreement, or the breach thereof, the parties will participate in arbitration in good faith in accordance with the Construction Industry Arbitration rules of the American Arbitration Association. The parties agree that Judgment in accordance with the terms of any award rendered by such arbitration procedure may be entered at the request of either party in any court having jurisdiction thereof and such Judgment shall be binding upon the parties hereto."
The defendant commenced work on the plaintiffs' residence on or about June 1, 2000. The parties entered into two change orders dated July 28 and September 11, 2000. Several controversies have developed among the parties concerning the home improvements at the plaintiffs' residence.
The plaintiffs have brought the present action claiming a violation of the Connecticut Unfair Trade Practices Act, intentional misrepresentation, negligent misrepresentation and unjust enrichment.
The defendant, pursuant to the above quoted paragraph 9 of the Agreement, has filed a demand for arbitration.
The plaintiffs do not deny that they signed a document with the defendant. Neither do they deny that that document clearly contains an arbitration provision. However, the plaintiffs' claim that the document is not a valid contract because the contract is void for violation of the Connecticut Home Improvement Act, General Statutes § 20-418 et seq. Specifically, the plaintiffs claim that the defendant is not a licensed home improvement contractor, that the agreement presented by the defendant omits the statutorily required Notice of Right to Cancel, and CT Page 13982 that the defendant did not present an entire agreement at the commencement of the home improvements.
It is well established law that when a contractor does not comply with the requirements of the home improvement act it is of no force and effect. See Barrett Builders v. Miller, 215 Conn. 316 (1990).
In the instant case, plaintiffs has alleged three claims of noncompliance with the Home Improvement Act. The issue before the court at this time is whether the legitimacy of the plaintiffs' claims is to be decided by the court or be decided by an arbitrator.
Two Supreme Court cases have considered this question. Two Sisters,Inc. v. Gosch Company, 171 Conn. 493 (1976) and Success Centers Inc.v. Huntington Learning Centers, Inc., 223 Conn. 761 (1993) have dealt with the question.
In Two Sisters the arbitration clause provided:
 Every controversy or claim arising under or out of the provisions of this contract or the provisions of the personal guaranty thereof, or the breach of such contract or guaranty, or with respect to the making or validity of this contract, or that guaranty, or the circumstances of the execution of this contract or that guaranty, or with respect to the enforcement of any of the rights. remedies and privileges of Vendor as to repossession. . . . [Emphasis supplied]
Two Sisters, at 497 n. 2.
In Success Centers, Inc. the pertinent portion of the arbitration clause read as follows:
 "21.01. Arbitration. Any controversy or claim arising out of or relating to this Agreement, or any breach thereof, including without limitation, any claim that this Agreement, or any part thereof is invalid, illegal or otherwise voidable or void, shall be submitted to final and binding arbitration before, and in accordance with, the Commercial Rules of the American Arbitration Association to be conducted by the American Arbitration Association in the municipality nearest to the home office of Company, CT Page 13983 unless the parties agree otherwise in writing. . . ." [Emphasis supplied]
Success Centers, Inc., at 770(n) 10.
While there is no question that the arbitration clause before the court in the present case is a general submission to arbitration, it does not contain the type of specific reference to the legitimacy of the contract or its execution found in either of the Supreme Court cases.
In the absence of specific language dealing with invalid execution or validity of the contract, there appear to be four Superior Court cases dealing with the problem. In Glengate Company v. Joseph P. Driscoll etal., 1992 WL 111019 (Conn. supra.), Judge, now Justice, Katz under facts very similar to those before the court denied the plaintiffs' motion for arbitration. In Judelson v. Christopher O'Connor, Inc.,1995 Ct. Sup. 3564, this court, with facts very similar to the instant case held:
 "Faced with the legislative policy, and in the absence of any agreement to arbitrate validity or enforceability, the court temporarily enjoins the defendants from proceeding with arbitration against the plaintiff with respect to any claim, demand or defense related to the agreement until such time as a hearing is held on the application for a permanent injunction.
 At the time of the hearing on the application for the permanent injunction, it appears to this court appropriate that a court determine whether the contract m question is subject to the Home Improvement act and whether it complies with the act. If the contract is subject to the act and fails to comply with the act, arbitration would not be available to the defendant. If the court determines that the contract in question is not subject to the act, or is subject to the act but complies, then it would appear appropriate to deny the permanent injunction and to allow the parties to return to arbitration. "
In Debra A. Judelson v. Christopher O'Connor, Inc. et al., 1995 WL 283894 (Conn. supra) Judge Hodgson dealing with the same dispute wrote:
 "The court, Booth, J., has previously determined that the arbitration claim at issue does not require the CT Page 13984 issue of arbitrability to be decided by arbitration and the court agrees with that conclusion based on the foregoing analysis.
 The application for temporary injunction is granted, and the defendants are hereby enjoined from proceeding with arbitration of any dispute with the plaintiffs arising from the July 1, 1994 contract."
In March of 1998 Judge Dandrea in Grisanti v. Round Hill Properties,Ltd., 1998 WL 137107 (Conn. supra) faced essentially the same question which had previously faced Judge Booth, Judge Hodgson and Justice Katz.Judge Dandrea specifically agreed that Grisanti and Judelson were similar. He wrote:
 "The Judelson court, however, overlooks appellate precedent stating that the `parties will be bound by the limits they have fixed.' [citation omitted] In the absence of `fixed limits,' the intention of the parties to arbitrate "[a]ny controversy or [c]laim arising out of or related to the [c]ontract or the breach thereof includes issues of arbitrability . . ."
 Judge Dandrea continued:
 "This court is concerned that it would be ignoring several long standing axioms of arbitration law if it were to reach the same result as the Glengate and Judelson courts. First, it is well established that "our courts have wholeheartedly endorsed arbitration as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation . . . Courts favor arbitration as a means of settling differences." [Citation omitted]
The court is convinced that the two possible answers to this troubling question are fairly explored in Judelson and Grisanti. Eventually appellate authority can be expected to be forthcoming on this issue. Pending further guidance from a higher court, this court sees no reason to depart from its reasoning in Judelson.
At this stage in the proceeding, the motion to stay the civil action pending arbitration is denied. CT Page 13985
By the Court,
Kevin B. Booth Judge of the Superior Court